UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| S.M., | |
|---|---|
| Plaintiff, | Case No. 24-cv-06297-NC |
| v. | **ORDER REVERSING ADMINISTRATIVE LAW JUDGE AND REMANDING FOR FURTHER PROCEEDINGS** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | Re: ECF 15, 21, 22 |

Claimant S.M. appeals from an Administrative Law Judge's denial of disability benefits for the period beginning September 7, 2018. S.M. argues the ALJ erred by failing to find her small fiber neuropathy (SFN) and migraine headaches severe, improperly rejecting S.M.'s testimony, and improperly weighing medical opinions and evaluating medical evidence. The Court agrees that the ALJ erred in weighing medical opinions and evaluating medical evidence, including by failing to address certain medical opinions entirely. The ALJ also erred by failing to consider S.M.'s SFN, particularly at step three of the five-step sequential process. Because these were not harmless and the matter would benefit from corrected consideration by an ALJ, the Court REVERSES the ALJ's decision and REMANDS for further consideration and proceedings.

**I.    BACKGROUND**

   **A.    Procedural History**

S.M. initially filed an application for disability insurance benefits under Title II and

Title XVI for a period beginning October 1, 2014. AR 1899. The claim was denied initially and upon reconsideration. AR 1899. The ALJ held a hearing in February 2021 and issued an unfavorable decision on March 29, 2021. AR 1899. The United States District Court for the Eastern District of California reversed and remanded the ALJ's decision upon stipulation by the parties. AR 1899. The Appeals Council then remanded the case with instructions. AR 1899. S.M. amended the alleged disability onset date to September 7, 2018. AR 1900. The ALJ held another hearing in December 2023 and issued an unfavorable decision on June 20, 2024. AR 1900, 1919.

S.M. appealed the June 20, 2024, decision to the Court. ECF 1. S.M. filed a brief in support of reversal and remand. ECF 15 (Mot.). The Commissioner opposed, seeking to affirm the ALJ's decision. ECF 21 (Opp'n). S.M. filed a reply in support of remand. ECF 22 (Reply). All parties have consented to magistrate judge jurisdiction. ECF 6, 12.

### B. ALJ Decision

In his June 20, 2024, decision, the ALJ followed the five-step sequential process under 20 CFR § 404.1520(a) and § 416.920(a) to determine whether S.M. has been disabled since September 7, 2018. At step one, the ALJ concluded S.M. has not engaged in substantial gainful activity since the amended alleged onset date of September 7, 2018. AR 1902. At step two, the ALJ concluded S.M. has severe impairments including lumbar degenerative disc disease, anxiety, obesity, and depressive disorders, and nonsevere impairments including anemia and migraine headaches. AR 1902–03. At step three, the ALJ concluded that S.M.'s impairments, singly or in combination, did not meet or equal a listed impairment, including for listings 1.15, 1.16, 12.04, and 12.06. AR 1903–06. Prior to step four, the ALJ concluded that S.M. has a residual functional capacity (RFC) to perform light work and can sit, stand, or walk up to six hours in an eight-hour workday, but "is limited to understanding, remembering and carrying out simple, routine and repetitive tasks." AR 1906–18. At steps four and five, the ALJ concluded S.M. could not perform any past relevant work but could perform other work available in significant numbers in the national economy. AR 1918–19. As such, the ALJ concluded S.M. was

2

not disabled between September 7, 2018, and the date of his decision, June 20, 2024.  AR 1919.

## II. LEGAL STANDARD

A district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."  42 U.S.C. § 405(g).

The decision of the Commissioner should only be disturbed if it is not supported by substantial evidence or if it is based on legal error.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  Substantial evidence is evidence that a reasonable mind would accept as adequate to support the conclusion.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("[It] is more than a mere scintilla but less than a preponderance").  Even when the ALJ commits legal error, the decision must be upheld if the error is harmless.  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  However, "[a] reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless."  *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld.  *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995).

## III. DISCUSSION

S.M. argues that the ALJ's decision must be reversed for numerous reasons, each of which fall into three main categories: (1) the ALJ erred by not finding S.M.'s SFN and migraine headaches severe at step two; (2) the ALJ erred by not providing clear and convincing reasons for rejecting S.M.'s testimony; and (3) the ALJ erred in weighing the medical opinions and assessing the objective medical evidence.  The Court agrees that the ALJ erred in weighing the medical opinions and his related assessment of the medical evidence, and erred by failing to consider S.M.'s SFN after step two of the sequential process.  Because the Court finds these errors were not harmless, the Court need not reach

the parties' remaining arguments as to whether the ALJ erred, which likewise relied on the ALJ's consideration of the medical opinions and evidence and will be addressed by the ALJ's renewed five-step sequential evaluation on remand.

### A. The ALJ Harmfully Erred in Weighing the Medical Opinions

For claims filed after March 27, 2017, the ALJ must articulate how persuasive he finds all the medical opinions in the record. 20 C.F.R § 404.1520c(b). The ALJ must explain how he considered the supportability and consistency of a medical opinion to determine the persuasiveness of the opinion. 20 C.F.R § 404.1520c(b). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* at 792 (quoting 20 C.F.R § 404.1520c(c)(2)). The ALJ may consider other factors such as "the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records." *Id.* (citing 20 C.F.R. § 404.1520c(c)(3)(i)–(v)).

Here, the ALJ erred in weighing the medical opinions, particularly when determining S.M.'s RFC[1], by (1) finding unpersuasive every medical opinion concerning S.M.'s physical impairments; (2) failing to consider certain medical opinions; (3) failing to address the consistency and supportability factors of some medical opinions; and (4) rejecting medical opinions without providing explanations supported by substantial

---

[1] A claimant's RFC is a determination of how much the claimant can still do in a work setting despite physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). An ALJ must consider all medical and nonmedical evidence, including descriptions and observations of the claimant's limitations provided by the claimant, family, friends, and others. 20 C.F.R. §§ 404.1545(a)(3), (e); *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017). The ALJ must also consider the limiting effects of all impairments, including those that are not severe, as well as "the claimant's subjective experiences of pain" and other symptoms. 20 C.F.R. §§ 404.1545(a)(3), (e); *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).

evidence.

### 1. The ALJ Rejected all Medical Opinions Concerning S.M.'s Physical Impairments

In determining S.M.'s physical RFC, the ALJ considered the medical opinions of PA-C Ahern, Dr. Sodhi, and state agency consultants Dr. Staley and Dr. Olivares. The ALJ found each opinion "not persuasive" or "unpersuasive." AR 1917–18. Rather than assign these opinions little or some weight based on the factors in 20 C.F.R § 404.1520c(c), the ALJ appears to have rejected them wholesale and assigned each opinion no weight. *See Ounkham v. Comm'r of Soc. Sec.*, No. 20-cv-01371-EPG, 2022 WL 705818, at *3 (E.D. Cal. Mar. 9, 2022) ("True, the ALJ discounted all the opinions to a degree, but this is different than not accepting the opinions at all."). In doing so, the ALJ often cited to medical evidence in the record that he viewed as inconsistent with the opinions, even concluding S.M.'s medical treatment "has been essentially routine or conservative in nature" and "[a]s is clear from the above, the claimant recovered." AR 1915, 1917–18.

By assigning *no* weight to any of the medical opinions concerning S.M.'s physical impairments, the ALJ effectively—and impermissibly—substituted his own interpretation of the medical evidence in place of the medical opinions when determining S.M.'s physical RFC. *See Tackett v. Apfel*, 180 F.3d 1094, 1102–03 (9th Cir. 1999); *Banks v. Barnhart*, 434 F.Supp.2d 800, 805 (C.D. Cal. 2006) (noting an ALJ "cannot arbitrarily substitute his or her own judgment for competent medical opinion," and must not "succumb to the temptation to play doctor and make [his or her] own independent medical findings"); *Corvelo v. Kijakazi*, No. 20-cv-01059-WHA, 2022 WL 1189885, at *5 (N.D. Cal. Apr. 21, 2022) ("[B]ecause the ALJ rejected every medical opinion regarding mental impairments he erroneously based his conclusion on claimant's mental limitations solely on his own lay interpretation of the raw medical evidence contained in claimant's treatment records."). The ALJ therefore erred. *See Esparza v. O'Malley*, No. 23-cv-00681-AC, 2024 WL 1676280, at *4 (E.D. Cal. Apr. 28, 2024) (concluding "the ALJ erred

5

in his treatment of the medical opinions" where he found every medical opinion unpersuasive); *Chavez v. Saul*, No. 18-cv-1079-EFB, 2019 WL 4747698, at *4 (E.D. Cal. Sept. 30, 2019) ("More troubling is the ALJ's wholesale rejection of the medical opinion evidence."); *Jones v. Colvin*, No. 12-cv-999-PJW, 2013 WL 5492516, at *3 (C.D. Cal. Oct. 1, 2013) ("[T]he ALJ's decision was not based on any of the current medical opinions in the record. Even the Agency doctors who reviewed the records determined that Plaintiff was restricted to sedentary work. Unhappy with those findings, the ALJ simply rejected them . . . [to reach] his preordained conclusion that Plaintiff was capable of performing light work.").

### 2. The ALJ Failed to Consider all Medical Opinions

The Commissioner concedes that the ALJ failed to address three medical opinions in the record—from Dr. Angeles, Dr. Olivares, and Dr. Carstens—but argues any error in doing so was harmless.

"Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs. [citation omitted]. In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it . . . ." *Garrison*, 759 F.3d at 1012–13. "[A]n ALJ cannot 'implicitly' discount a competent medical opinion that conflicts with the ALJ's RFC determination" without explanation. *Brian T. v. Saul*, No. 18-cv-02271-MAA, 2020 WL 470387, at *3 (C.D. Cal. Jan. 28, 2020).

Dr. Angeles completed an In-Home Supportive Services (IHSS) form in March 2020 attesting that S.M.'s functional limitations met the conditions for in-home assistance. AR 1587–88. The Commissioner argues that the ALJ's failure to address the form was harmless because the form was comparable to one completed by Dr. Sodhi that the ALJ already found unpersuasive, the form did not outline specific functional limitations, and the form was an unsupported check-box form. Opp'n 16–17. The Court is not persuaded. An ALJ errs where he fails "to recognize that the opinions expressed in check-box form . . . were based on significant experience with [the claimant] and supported by

6

numerous records, and were therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit." *Garrison*, 759 F.3d at 1013. Here, the ALJ did not consider whether, even if not explicitly identified in the form, Dr. Angeles and Dr. Sodhi's opinions were supported by their relationships with S.M. and related records. The administrative record indicates that Dr. Sodhi, for example, was S.M.'s primary care physician for multiple years and saw S.M. at least fifteen times between 2020 and 2023.

The Commissioner also relies on *Hurn v. Saul*, where the Ninth Circuit found an ALJ's error in failing to evaluate a doctor's 2012 report was harmless because the report was "substantially the same" as that doctor's 2014 report, which the ALJ considered and rejected. 798 F. App'x 976, 978 (9th Cir. 2019); Opp'n 17. The same is not true here, where the two forms were completed by two different doctors, two years apart, in reliance on different patient evaluations, and do not include identical descriptions of S.M.'s functional limitations. *Compare* AR 1588 (Angeles form identifying S.M.'s spine surgery and mobility limitations) *with* AR 2536 (Sodhi form identifying "anxiety/depression" and "low back pain"). Although both IHSS forms only indicate generally S.M.'s inability to perform one or more activities of daily living, *see* Opp'n 17 (citing *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (finding ALJ did not err by rejecting doctor's opinion that failed to specify functional limitations)), the Court cannot conclude the ALJ's error in failing to consider the Angeles IHSS form was harmless where the ALJ did not consider the evidence underlying the forms and consideration of the form would have spoken to the consistency factor in weighing both IHSS forms.

The Commissioner likewise argues that the ALJ's failure to address the opinions of Dr. Olivares and Dr. Carstens constituted harmless error. As to Dr. Olivares' opinion, the Commissioner proffers that the opinion was the same as that of Dr. Staley, which the ALJ appropriately considered. Opp'n 18. However, Dr. Staley's opinion concludes S.M. has an RFC of light work, whereas Dr. Olivares' opinion concludes S.M. has an RFC of sedentary work and was based on a review of additional medical evidence. AR 66–79, 96–111. Even if the two opinions were identical, the Court explains below that the ALJ failed

7

to properly evaluate Dr. Staley's medical opinion, so Dr. Olivares' opinion could not harmlessly be discounted on the same grounds.

As to Dr. Carstens' opinion, the Commissioner argues consideration of the opinion would not have impacted the ALJ's disability determination because it was based on a review of Dr. Morgan's opinion, which the ALJ evaluated and rejected. Opp'n 20. But Dr. Carsten and Dr. Morgan's opinions relied on the same objective medical evidence— Dr. Morgan's exam of and tests conducted with S.M.—and reached two different conclusions. *See* AR 1451–72, 1472–73. Although Dr. Carsten opined that some of S.M.'s limitations were not as marked as Dr. Morgan found, Dr. Carsten also opined that S.M.'s psychological impairments could be expected to last *longer* than Dr. Morgan found. AR 1473. The ALJ is responsible for resolving conflicts in medical testimony and, by ignoring Dr. Carsten's opinion, did not do so here. *See Garrison*, 759 F.3d at 1010. The Court may not consider reasons for rejecting Dr. Carsten's opinion argued by the Commissioner but not given by the ALJ. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

### 3. The ALJ Failed to Address the Supportability and Consistency of Medical Opinions

In addition to failing to address some medical opinions entirely, the ALJ erred by failing to explain how he considered the supportability and consistency factors for certain opinions when deciding how much weight to assign them. *See Woods*, 32 F.4th at 792. Specifically, the ALJ did not assess the supportability of either PA-C Ahern or Dr. Staley's opinions, referring only to the opinions' consistency with the overall record. AR 1917–18. The failure to do so likely had a particular impact on the weighing of PA-C Ahern's opinion because she examined S.M. over the course of regular visits from 2018–2020, the records for which would indicate the supportability or lack thereof of her opinion. *Cf. Woods*, 32 F.4th at 792 (noting the ALJ may still consider the length of a treatment relationship and frequency of examinations when weighing medical opinions).

The Court also notes that the ALJ's consideration of the consistency factor for

certain medical opinions only addressed medical evidence from later in the alleged disability period. Namely, the ALJ found Dr. Morgan's opinion inconsistent with "[t]reatment notes from 2021 to present" even though his opinion was from June 2019, and Dr. Staley's opinion inconsistent with "numerous observations" and "minimal findings on the August 2023 MRI" even though his opinion was from November 2019. AR 1917–18. The ALJ also found PA-C Ahern's opinion from May 2019 inconsistent with S.M.'s "most recent MRI" from 2023 and "numerous observations" from February 2021 to October 2023, despite conceding "treatment notes following [S.M.'s] surgery in 2019 indicate" functional limitations. AR 1917. An individual is disabled if they are unable to "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted . . . not less than 12 months." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002) (citation omitted). The ALJ's consideration of the consistency factor for Dr. Morgan, Dr. Staley, and PA-C Ahern's opinions was thus incomplete and unsupported by substantial evidence where he did not consider the opinions' consistency with the medical evidence at the time the opinions were made and throughout the alleged period of disability.

#### 4. The ALJ's Rejection of Medical Opinions Was Not Supported by Substantial Evidence

Finally, there is not substantial evidence to support the ALJ's full rejection of certain medical opinions. The Court highlights the ALJ's treatment of PA-C Ahern's medical opinion as an example.

The ALJ rejects PA-C Ahern's medical opinion as "not persuasive and not supported by the medical evidence" because S.M.'s "most recent MRI indicated only mild findings, and there are numerous observations of normal strength, range of motion, and normal gait which are not consistent with Ms. Ahern's opinion." AR 1917. Ahern's opinion addresses strength ("muscle weakness"), range of motion ("limited ability to bend over or twist back"), and gait ("slight limp," "uses cane to walk"), and notes that S.M. is physically limited due to pain, numbness, a limited ability to stand or walk for long

durations, and difficulty with transportation. AR 1203–05.

The medical evidence the ALJ cites to as inconsistent with Ahern's opinion does not provide substantial evidence for entirely discrediting the opinion. Some of the records the ALJ cites to that document S.M.'s normal gait were from telehealth appointments and noted "Exam Limited." AR 2173, 2180, 2186. Other records that documented normal gait and no use of an assistive device nonetheless noted abnormal range of motion in the thoracolumbar spine, abnormal sensation in dermatomes, and bilateral facet tenderness on exam. *See, e.g.*, 2193–94, 2200, 2203–05, 2210–11, 2214–15, 2219. In rejecting Ahern's opinion, the ALJ also cited to records from doctor's visits and emergency room trips for entirely unrelated ailments and functional limitations, including anemia and related blood transfusions, abdominal pain, and even gynecological care. *See, e.g.*, AR 2345, 2372, 2395, 2454, 2468, 2524, 2833, 2856; *see Diedrich v. Berryhill*, 874 F.3d 634, 641 (9th Cir. 2017). On the other hand, the ALJ does not address the multiple spinal injections or medical branch blocks S.M. received between and after her two spinal surgeries to try to address her back pain. *See, e.g.*, AR 1212, 1284, 2174, 2194, 2196, 2211, 2232, 2313. The ALJ also relies on the "mild findings" of S.M.'s August 2023 MRI, but does not appear to consider S.M.'s January 2019, August 2020, or December 2020 MRIs or January or December 2020 x-rays, which included findings of "broad-based disc bulge displacing the left L5 nerve root," "a pinched nerve," "moderate foraminal stenosis," "[m]ild to moderate lateral recess and neural foramen stenosis," and "[m]ild degenerative disease." *E.g.*, AR 1191, 1749, 1891, 1893, 1495, 2888.

An ALJ may not "cherry-pick[] the record, ignoring medical evidence that does not support his conclusion." *P.E. v. Saul*, 445 F. Supp.3d 306, 335 (N.D. Cal. 2020); *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). Particularly when determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence in [the] case record." 20 C.F.R. § 416.920(e). Because the "records cited do not clearly or obviously support the ALJ's conclusion" to reject entirely Ahern's medical opinion, the ALJ's decision to do so is not supported by substantial evidence. *See Esparza*, 2024 WL

1676280, at *6 (finding ALJ's rejection of medical opinion " inadequate because the ALJ fails to explain how the cited portions of the record," including mild MRI findings, were inconsistent with the opinion's functional limitations); *Kelly v. Berryhill*, 732 F. App'x 558, 560–62 (reversing ALJ's rejection of medical opinions where the entire record belied ALJ's conclusion that claimant's pain was well controlled with medication and where the ALJ cherry-picked several normal findings from an MRI while ignoring abnormal findings).

### 5. The ALJ's Errors Were Not Harmless

An error by the ALJ is harmless, and must be upheld by the district court, if "it is inconsequential to the ultimate nondisability determination" or "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." *Brown-Hunter*, 806 F.3d at 492. Where an ALJ does not provide reasoning for their decision, "such error will usually not be harmless" because a court cannot "meaningfully determine whether the ALJ's conclusions were supported by substantial evidence" without impermissibly engaging in speculation or substituting its own conclusions. *Id.* at 492, 494.

Taken altogether, the Court cannot conclude that the ALJ's errors in weighing the medical opinions amounted to harmless error, particularly where the ALJ was silent as to the weight and supportability of multiple opinions. *See id.* at 494 (finding harmful error where the ALJ "summarized a significant portion of the administrative record in support of her RFC determination" but failed to tie the evidence to her reasoning for rejecting testimony); *Esparza*, 2024 WL 1676280, at *6 ("The ALJ did not adequately support or explain how the medical evidence contradicts Dr. Hseih's medical opinion, therefore, the court finds the ALJ committed harmful error.").

### B. The ALJ Harmfully Erred by Failing to Consider S.M.'s SFN

The Commissioner concedes that the ALJ did not "specifically find at step two that" S.M.'s SFN "was a severe or nonsevere impairment," but again argues the failure to do so was harmless because it would not have changed the outcome of the disability

11

determination. Opp'n 3–4. The Court finds the ALJ's failure to consider the SFN at step two was not harmful error, but cannot conclude the failure to consider the SFN at later steps was similarly harmless.

The Court agrees with the Commissioner that the ALJ's failure to consider the SFN at step two was not harmful error because step two " is merely a threshold determination meant to screen out weak claims" and "is not meant to identify the impairments that should be taken into account when determining the RFC." *See* Opp'n 4; *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017). Because the ALJ concluded S.M. had severe impairments, the ALJ continued to step three of the sequential evaluation instead of disposing of S.M.'s claim. Step two was thus decided in S.M.'s favor and she was not prejudiced by the ALJ's failure to consider her SFN at that stage. *See id.* at 1049.

But the Court cannot say the same for the ALJ's failure to consider whether S.M. met listing 11.14 for peripheral neuropathy at step three. At step three, an ALJ must again "consider the medical severity" of a claimant's impairments to determine whether one or more impairment "meets or equals" a listing for the required duration, resulting in a finding of disability. 20 C.F.R. § 404.1520(a)(4)(iii). By failing to consider or address the SFN, the ALJ failed to consider whether S.M.'s impairments met or equaled listing 11.14. The Commissioner argues any failure to do so was harmless because the record shows S.M. would not meet listing 11.14. But the ALJ did not conclude as much; the Court cannot find an ALJ's decision at step three supported by substantial evidence based on reasoning the ALJ never gave, just as it cannot substitute its, or the Commissioner's, conclusions for those of the ALJ on review. *See Connett*, 340 F.3d at 874; *Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990). Because "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court," the Court declines to conduct an initial determination of whether S.M. would meet listing 11.14. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). The ALJ's failure to address the SFN was harmful error.

**C.     The Court Remands for Further Consideration and Proceedings**

S.M. urges the Court to reverse and remand for an immediate award of benefits, arguing it is clear from the record that S.M. is disabled. Mot. 27.

"Usually, '[i]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded.'" *Garrison*, 759 F.3d at 1019 (citation omitted). Courts have discretion to remand for the immediate award of benefits if "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* at 1020.

The Court does not find that this is the exceptional case where remand for the immediate award of benefits is appropriate. *See Leon v. Berryhill*. 880 F.3d 1041, 1045 (9th Cir. 2017). Rather, this matter would benefit from further consideration by the ALJ through application of the appropriate standards, particularly where it is not clear whether S.M. would meet a listing at step three based on her SFN, or whether the ALJ's emphasis on later medical evidence indicates S.M. was at one time disabled but is no longer. *See id.* at 1045–46; *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010); *Esparza*, 2024 WL 1676280, at *8 ("The ALJ's error here was harmful because the opinion of Drs. Hseih and Anderson, as well as plaintiff's pain testimony, properly considered, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.").

Although the Court focused its discussion of the ALJ's weighing of the medical opinions and evaluation of the medical evidence on the RFC determination, on remand the ALJ should reevaluate all steps of the sequential process to assess S.M.'s physical and mental impairments. The Court therefore does not reach the parties' remaining arguments, including whether the ALJ erred in failing to find S.M.'s headaches severe and in rejecting S.M.'s testimony, as the ALJ reached these conclusions at least in part based on his

assessment of the medical evidence and opinions. On remand, the ALJ also must consider whether S.M. was disabled for *any* qualifying period since the alleged onset of disability.

## IV. CONCLUSION

For the reasons above, the Court REVERSES the ALJ's decision and REMANDS the matter for further consideration and proceedings.

**IT IS SO ORDERED.**

Dated: May 29, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge